UNITED STATES DISTRICT COURT  FILED
DISTRICT OF CONNECTICUT  2 29 PM '03

U.S DISTRICT COURT
NEW HAVEN, COON

SIDNEY WYLIE, PLAINTIFF

    VS

CITY OF NEW HAVEN

MAYOR JOHN DE STEFANO JR.

CHIEF MELVIN WEARING

SERGEANT    CASANOVA

OFFICER JOHN LALLI

OFFICER JODI NOVELLA

OFFICER J. PALMER

OFFICER STEVE MONWORE

OFFICER D.W. COPPOLA

 HAMDEN TOWN HALL

 MAYOR CARL AMENTO

POLICE CHIEF ROBERT NOLAN

POLICE OFFICER DAVE FALCINO

PUBLIC DEFENDER SHEPARD SHERWOOD

ET AL.    DEFENDANTS

CIVIL NO. 3:02CV313 (PCD)

NOVEMBER 19, 2003

AMENDED    COMPLAINT

COUNT ONE

1. PRELIMINARY STATEMENT

2

1.) This a a civil Rights action brought by the plaintiff, SIDNEY WYLIE, presently incarcerated at the Northern Correctional Institution in Somers, Connecticut, this action is brought for Compensatory and punitive damages under title 42, U.S.C. 1983, raising claims of Rights to Privacy – disclosure of confidential information, Discrimination, Illegal Confiscation – search and seizure, Cruel and Unusual punishment, and Violation of Due process of law guaranteed by the Fourth and Fourteenth Amendment of the United States Constitution.

2.) Plaintiff contends that the deprivations and violations of his Rights, "Constitutional Rights" were carried out pursuant to the Federal Constitution Fourth Amendment PRIVACY Rights, FOURTH AMENDMENTS SEARCH – SEIZURE RIGHTS – LAWS, FOURTEENTH AMENDMENTS – CONCEPTS OF PERSONAL LIBERTY PRIVACY Rights – DISCLOSURE OF CONFIDENTIAL INFORMATION, DISCRIMINATION, DUE PROCESS CLAUSES, CRUEL AND UNUSUAL PUNISHMENT CLAUSES as well as claims of gross Negligence, illegal customs-practices of the defendants in their capacities as representatives of their municipalities and cities, that the named defendants acting under color of state laws, Knowingly caused the plaintiff to be deprived of his Federal constitutional Rights

3.) Plaintiff request this court by an award of compensatory and punitive damages, compensate him for the violations of his Constitutional Rights, Seizure of his personal property (Bicycle-winecoder) for subjecting the plaintiff to emotional and mental stress, and deter defendants from such conduct in the future, remove all information for records, Books, internet, etc. of him having any diseases as stated, revise their infectious disease policy, Disclosure of information General orders, and grant a declaratory Judgment that the acts, Omissions, practices of the defendants violated plaintiffs Right

3

## II  JURISDICTION

4.) This Court has Jurisdiction over the Subject Matter Pursuant to 42 U.S.C. § 1983, 1985, and Pursuant 28 U.S.C. § 1331, to remedy the deprivation, under color of law, of the Rights guaranteed, by the Fourth, Eighth and Fourteenth Amendment to the United States Constitution.

5.) Jurisdiction to provide Injunctive and declaratory relief is conferred on this Court by 28 U.S.C. § 1361 and Rule 65 of the Federal Rules of Civil Procedures and 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedures.

## COUNT ONE

## III. PARTIES

6.) The Plaintiff, SIDNEY WYLIE, is a citizen of the United States and resident of the state of Connecticut and at least 18 years of age. At all times relevant to this complaint, he was a resident of the City of New Haven and the state of Connecticut and is presently incarcerated at the Northern Correctional Institution Somers, Connecticut.

7.) The City of New Haven, is the Municipality for the New Haven Police Department, and resides in the City of New Haven and at all times relevant to the issues raised in this complaint were

4

responsible for the govern-operations-Administration of the New Haven Police Department services and its Agents. Which resides at 200 Orange street and 165 Church street, New Haven, Conn. the City of New Haven is being sued in its official capacities.

8.) Defendant John De Stefano, Jr. was at all times relevant to the issues raised in this Complaint the Mayor of the City of New Haven at 165 Church street, New Haven, Conn. 06510, he is being sued in his individual capacities.

9.) Defendant Melvin Wearing, was at all times relevant to the issues raised in this Complaint the Chief of Police for the New Haven Police Servicess, at 1 Union Avenue, New Haven Conn. 06513, Pursuant to Conn. Gen. stat. sec. 18 - ? he is responsible for overseeing the management of the New Haven police Department and its Policies, he is being sued in his individual capacity.

10.) Defendant John Lalli, was at all times relevant to the issues raised in this Complaint the ~~a chief of police~~ a police officer for the New Haven Police service and the City of New Haven at 1 Union Avenue, New Haven Connecticut, 06513, he is being sued in his individual capacity

11.) Defendant Jodi Novella, was at all times relevant to the issues raised in this Complaint, a police officer for the City of New Haven and New Haven Police Department, at 1 Union Avenue, New Haven, Connecticut, 06513, she is being sued in her individual capacity.

5

12.) Defendant CASANOVA, was at all times relevant to the Issues raised in this complaint a Sergeant, for the City of New Haven and New Haven police Service, at 1 Union Avenue, New Haven, Connecticut 06513, he is being sued in his individual capacity.

13.) Defendant J. Palmer, was at all times relevant to the Issuses raised in this complaint a Police Officer, for the City of New Have and New Haven Police Services, at 1 Union Avenue, New Haven, Connecticut 06513, he is being sued in his individual capacity.

14.) Defendant, Steven Monwore, was at all times relevant to the Issues raised in this complaint a police officer, for the City of New Haven and the New Haven police Department, at 1 Union Avenue New Haven, Connecticut, 06513, he is being sued in his individual Capacity.

15.) Defendant, D.W. Coppolla, was at all times relevant to the Issue raised in this complaint a police officer, for the City of New Haven and New Haven police Services, at 1 Union Avenue, New Haven, Conn. 06513, he is being sued in his individual capacity.

16.) Defendant, Hamden Town Hall, is the Municipality for the City of Hamden and Hamden Police Department Servicess and resides in the City of Haven at 2119 Dixwell Avenue, Hamden, Connecticut, 06518. and at all times relevant to the Issuces raised in this complaint were responsible for the govern, operation-Administra of the Hamden police Department services, the town Hall of Hamden

6

17.) Defendant CARL Amento, Was at all times relevant to the issues raised in this Complaint the MAYOR for the town of HAMDEN, Connecticut, and in charge of the town of HAMDEN and oversaw the operation or management of the HAMDEN police department, he is being sued in his individual capacities.

18.) Defendant Robert Nolan, was at all times relevant to the issues raised in this Complaint, the Chief of police for the HAMDEN police department and responsible for its operations and enforcement of policies, he is being sued in his individual capacity.

19.) Defendant DAVID FALCIGNO, Was at all times relevant to the issues raised in this Complaint, a police Officer for the HAMDEN police Department, at 2900 Dixwell Avenue, HAMDEN, Conn. 06518, he is being sued in his individual capacity.

20.) Defendant Shepard Sherwood, was at all times relevant to the issues raised in this Complaint, a public Defender for the state of Connecticut, at the New HAVEN superior Court GA. 6. at 121 ELM Street. New HAVEN, Connecticut, 06510, he is being sued in his individual, capacity.

## IV.   FACTUAL ALLEGATIONS
21.)                              ON MAY 23, 2001, the plaintiff
1.) while Riding a Bicycle on Whalley Avenue, in the westville section of the City of New HAVEN, Conn. was stopped on the bicycle by New HAVEN police Officer JOHN Lalli, defendant Lalli grabbed the plaintiff by

7

the arm, seizing him, patted him down and removed 2 packages of socks and a wine cooler, and handcuffed him to a rail.

22.) An unidentified male came up to defendant Lalli and began talkin to defendant Lalli, that unidentified male was later identified as Hamden police officer Dave Falcigno, who was supposely off duty -out on medical leave but was coming to the aid of defendant Lalli, whether as a police officer or citizen.

23.) Shortly after another police car arrived whom was identified as defendant Novella, then two other police cars arrived whom were ide ified as defendant Monwore and defendant Palmer.

24.) At no time was anyone presence to see the plaintiff throw the beer bottle dawn and defendant Lalli seize the plaintiff and patt him down and remove 2 pair of socks and the wine cooler other than defendant Falcigno.

25.) The search and seizure by defendant Lalli was unreasonal and violated the plaintiffes 4th amendment rights to be free from unreasonable searches and seizure, the seizure of the wine cooler was unreasonable.

26.) It started to rain and all defendants donned rain coats except defendant Falcigno, the plaintiff asked defendant Lalli to put him in the police car, defendant Lalli stated no youre got diseases defendant Novella laughed.

8

27.) Defendant Lalli, discriminated against the plaintiff and refuse to take him out of the rain and put him in the police car out of the rain, the plaintiff was forced to stay in the rain while the defendants donned raincoats because defendant Lalli believe he had diseases.

28.) The plaintiff had a Right not too be discriminated against and to be treated similarly as he wouldve treated a person whom he did not believe had any diseases, plaintiff was deprived of the Rights to be treated equally in a similar situated incident because the defendant Lalli, believe plaintiff had diseases.

29.) Defendant Lalli, told defendant Falcigno, that the plaintiff had Aids, Tuberculosis, Hepatitis, defendant Lalli violated the plaintiff Rights in avoiding the disclosure of Personal Matters, violating the plaintiffs Rights to Privacy.

30.) Defendants Lalli, Falcigno, Novella, Palmer, Monwore, were all standing Idily by while plaintiff was being discriminated, defendant Monwore picked up the plaintiffs Bicycle and put it in the trunk and seized it as evidence without Causes.

31) The Seizure of the plaintiffs Bicycle was without Justification and unreasonable, and violated the plaintiffs Rights, defendant Monwore Seizure of the plaintiffs Bicycle was unreasonable and violated the plaintiffes, 4th Amendment Rights against unreasonable Searches and Seizures under the U.S. Constitutions 4th Amendment.

32.) Shortly after defendant Coppola arrived and the defendants New Haven police officers were discriminating against the plaintiff because they believed he had diseases.

33.) Defendant Monroe, told Store Clerk Kim Baez and the Judicial Marshalls that the plaintiff had Aids, Tuberculosis, Hepatitis, without any medical proof to substantiate this, defendants Monroe's disclosure of this information to store clerk Baez and the Judicial Marshalls violated plaintiffs Rights to Privacy – the Rights to Avoid disclosure of personal matters.

34.) Defendants Monroe and Lalli's actions violated the plaintiffs Rights in their disclosure of plaintiffs personal matters to Clerk Baez, and to the Judicial Marshalls, as information about ones body and state of health is matter which the plaintiff or individuals is ordinarily entitled to retain within the private enclave where he may lead a private life

35.) The plaintiffs Rights to Confidentiality were violated by defendant Lalli and Monroes disclosure of personal matters to store clerk, Kim Baez, defendant Falcigno, and Judicial Marshalls as well as defendant Monroe writing the information in police reports and Documenting it into police files, police internet, etc. See police report exhibit 1 – page 4 of 7

36.) Defendant Casanova, was the Desk Sergeant, and signed his name on the police incident report written by defendant Monroe, defendant, Casanova had a duty to protect the Rights of the plaintiffs including the Rights to avoid the disclosure of personal information.

10

37.) Defendant CASANOVA, was aware that the police incident report disclosed information about the plaintiffs H.I.V. status and about the state of the plaintiffs health, defendant CASANOVA, knew or should of known, the plaintiff had a Right in avoiding the disclosure of personal matters and he owed the plaintiff a legal duty to protect that Right.

38.) Defendant CASANOVA, had the power to ordered defendant Manor to re-write his report as a means to protect the plaintiff Rights, defendant CASANOVA, had the power to prevent a violation of the plaintiffs Constitutional Rights or Aid in the prevention of a violation of the plaintiffs Constitutional Rights to privacy, Right in avoiding disclosure of personal matters.

39.) Pursuant to the New Haven Police General orders infectious disease and disclosure of information, as well as the Connecticut General statutes, and the U.S. Constitutions 4th and 14th Amendment to privacy and confidentiality, defendant CASANOVA, knew or should've known that the information in the police incident report violated the plaintiffs Rights.

40.) Defendant CASANOVA, displayed a callous, reckless disregards for the plaintiffs Rights in avoiding the disclosure of personal matter, or in avoiding information about the state of his health, defendant CASANOVA, violated clearly established Rights which he knew or should of known.

11

41.) Defendant Shepard Sherwood, was appointed to represent the Plaintiff in a criminal matter, the plaintiff filed a grievance against Shepard Sherwood for not following - abiding by the public defenders Service Commission guidelines.

42.) During one court apperance while in the interview room discussing the case - defendant Sherwood questioned the plaintiff about the Aids related - Medical information written by defendant Monwore - asking plaintiff if he had those symptons.

43.) Defendant Sherwood, sent a copy of the police incident report to the grievance Panel - when he was aware of the discriminating and prejudical information in the police incident report and the police incident report had no barring on, the grievance matter.

44.) Defendant Sherwood violated the plaintiffes Rights in avoiding the disclosure of personal matters, including his Rights to privacy, his Right to confidentality regarding information about the state of one health, as he had no authority to disclose the plaintiffes personal information to unauthorized persons.

45.) Defendant Sherwood, violated clearly established Rights that he knew or shoulde known, as he knew that his actions violated the plaintiffes Rights to privacy, violated the plaintiffe's interest in avoiding the disclosure of personal matters and he knew that his actions violated State law and the plaintiffes constitutional Rights to privacy - confidentality.

12

46.) Defendant Falcigno, who was supposely out on medical leave was coming to the Aid of a brother police officer, who was acting under the color of law, did set a series of motions, events that he knew violated the plaintiff's Rights, in which he indirectly participated in the violations of the plaintiff's Rights.

47.) Defendant Falcigno, knew or should've known the actions of the New Haven police officers defendant Lalli, Monroe, Novella, Palmer, violated the plaintiff's Rights, he stood idily by, acts of omission are actionable to the same extent as acts of commission, he witnesses the alleged wrongs and instead of giving his Identity as David Falcigno he gave Hamden police officer David Falcigno,

48.) Defendant Falcigno, although off duty and out on medical leave was acting under color of law, although he was out of his boundaries he showed his badge "police badge" to defendant Lalli, he gave defendant Lalli, information relating to his occupation - A police officer, defendant Falcigno, knew that the discrimination by the New Haven police officers defendants violated the plaintiff's Rights and knew plaintiff was being discriminated against.

49.) Defendant Falcigno, did in fact conspire with defendants Lalli, Monroe, Palmer, Novella, to discriminate against the plaintiff by his actions, omissions and did set a series of motions -events to indicate he was supporting his brother police officers as he was not acting as a citizen - citizens are often kept away from prisoners and police officer during apprehension of an accused - defendant Falcigno was not kept away.

13

50.) As a police officer trained in the laws of this land, trained in the laws of the U.S. Constitutions and Connecticut Constitutions Amendments, and State Laws -Statutes, defendant Falcigno, knew or should've reasonably known of the Constitutional violations that were taken place as he knew or should've known that defendant Lalli's treatment of the plaintiff was discriminatory and violated the plaintiffs Rights.

51) Defendant DeStefano, as Mayor of the City of New Haven, and Defendant Wearing, as Chief of Police for the City of New Haven were aware of the outdated General orders -policies of the New Haven police Services, and they owed a duty to the plaintiff and the citizens of New Haven to revise and update their policies as to protect the Rights of the citizens of New Haven.

52.) The New Haven police Dept. General orders -infectious Diseases, disclosure of information is unconstitutional on its face as it does not provide protection of citizens Rights Mandated or defined by the U.S. Constitutions and Connecticut Amendments Rights to Privacy, Rights in avoiding disclosure of personal information.

53.) The New Haven police Dept. City of New Haven, defendant Wearing, defendant DeStefanos, failure to revise their concurrent policies, general orders to meet the guidelines of the New laws was a causual connection in the violations of the plaintiff's Rights -interest in avoiding the disclosure of personal Matters -information.

14

54.) The City of New Haven, the Municipality for the New Haven police Dept, defendant De Stefano, the Mayor and head Administrator for the City of New Haven, defendant Wearing -Chief of police for the City of New Haven -owed the plaintiff and citizens of the City of New Haven a legal duty to protect their Rights from being violated by their agents -subordinates (police officers)

55.) Defendant Wearing and DeStefano, had a legal duty to keep the New Haven police services General orders -policies up dated as to the new laws Administered as to provide its officers with the training in /of the new laws, and to provide the citizens with protections guaranteed by the new laws and they failed to do their legal duties, as the current policy does not provide protection against avoiding dis closures of HIV. status, personal information.

56.) Defendant Wearing, DeStefano, are grossly negligent in their legal duties as they owed the plaintiff a legal duty in protecting his Rights and interest in avoiding the disclosure of personal matters -information about the state of his health without Due process of Law.

57. Defendant Wearing, City of New Haven failure to train or properly train, or supervise its officers in the concepts of infectious diseases, and the Rights in avoiding disclosure of a persons HIV. Status or Medical information that their subordinates would know would be discriminating or perjudical -bias in disclosing such information to unauthorize persons or on public records and violate individual Rights

58.) Defendant Monroe, had to call up the Yale New Haven Hospital to learn how hepatitis was or could be contracted because the City of New Haven, defendants DeStefano and Wearing did not provide adequate, training in infectious diseases which is imperative to constitute gross negligence for failure to properly train.

59.) Defendants DeStefano and Wearing can be liable for a claim or grossly negligence for failure to train, failure to revise their General order as had defendant Monroe had an effective-up dated General order-policy on-a infectious disease - he would not need to contact a Nurse at a hospital for such information - this city of New Haven should provide its officer with training in the field to be aware of the crucial facts

V. CAUSES OF ACTION

60.) The defendants were acting under the colors of law in their violations of the plaintiffes Rights.

61.) The unreasonable search and seizure of the plaintiff by defendant Lalli, violated the plaintiffes Rights as the seizure of the wine cooler was unreasonable, and the seizure of the plaintiffes Bicycle by defendant Monroe was unreasonable and violated the plaintiffes 4th Amendment Rights.

62.) The plaintiff had a Right under the u.s. constitutions 4th and 14th Amendment Privacy Rights in avoiding the disclosure of personal matters defendants Lalli, Monroe, Sherwood, violated that Right.

16

63.) The U.S. Constitutions Rights to Privacy Protects the Plaintiffes Rights in avoiding the disclosure of Personal Matters, including information about the State of one health, defendants Lalli, Sherwood and Monroe violated the Plaintiffes Rights by their disclosure of the Plaintiffes Personal Information violating his Rights to Confidentiality - Privacy Under the 4th and 14th Amendment

69.) Defendant Monroes disclosure of the Plaintiffes Personal Information and information regarding the state of his health was deliberately and tantamounted to punishment or retaliitory as to prevent the store clerk from Socialzing with the plaintiff, defendant Monroes actions Constituted a form of cruel and unusual punishment, Malicious, intentional conduct in violation of the U.S. Constitutions 14th Amendment - 8th Amendment made Applicable to plaintiff by the 14th Amendment.

70.) Defendants Monroe, Lalli, Sherwood, displayed a reckless, and callous disregards for the plaintiffes Constitutional Rights to privacy in the interest of avoiding the disclosure of Personal Matters.

71.) Defendant CASANOVA, Can be held liable for gross negligence for his Failure to act as he knew or should've known the plaintiff had a Right in avoiding the disclosure of information about the state of his health, defendant CASANOVA, Failed to Prevent his Constitutional Rights to Privacy - Confidentiality from be violated by his failure to order defendant Monroe to re-write his report to exclude the bias information

72.) Defendant CASANOVA, had the power to prevent a violation of the plaintiffes Constitutional Rights or Aid in the prevention of a violation

of the plaintiff's Constitutional Rights guaranteed by the U.S. Constitut.
4th and 14th Amendments Rights concepts of Personal liberty, privacy.


73.) Defendants Novella, Palmer, Falcigno, D.W. Coppola, MAY be held
liable for their Indirect Participation as they set in Motion a series
of events, that they knew or reasonably should have known would cause
a Constitutional Violation, even if the other defendants actually performed
the Violations — Including their failure to act in the fact of a known Viola-
tion, of the plaintiff's Constitutional Rights.

## COUNT TWO

1— Paragraphs 1 through of Count one are hereby Made paragraph 1
through respectively of Count two.

        At all times mentioned herein the defendants were Police
officers and City employees and employed by their respectively
Cities and towns and assigned to Services of the city of
NEW HAVEN and the town of HAMDEN.


The City of New Haven, representatives NEW HAVEN Police Services
did have an outdated policy - General orders that had not be revised
Since 1974 and 1988, and was a Casual Connection in the Violations
of the plaintiff's Rights as the policy - General orders - Infectious
Diseases, Disclosure of Information were unconstitutional on its face or
Insufficient to provide protection as required by law.

18

The City's - Police Department, defendants interest in document information that state law prohibits concerning the status of plaintiff's health must be substantial and must be balanced against the Rights to confidentiality and avoiding the disclosure of personal information, as the Fourth Amendment Concepts of personal liberty and restrictions on such actions is the Rights to pri

Defendant Wearing, De Stefano's acts, omissions are actionable to the same extent as acts of commission as they owed the plaintiff, citizens of New Haven, a legal duty or duty to ensure the protection of their Rights to privacy - confidentiality through their subordinates and policies, as well as a duty to properly train and supervise their subordinates - representatives

Municipality can be held liable for constitution violations caused by a policy statement, or decision official adapted and promulgated by that body's officer, there is a deliberate indifference on the part of defendant Wearing and/or defendant DeStefano as their failure to revise their general orders or train their representatives in the laws of citizens Rights in avoiding the disclosure of personal matters played a significant role in the violation of the plaintiff's Constitutional Rights.

The conduct of the defendants described constituted deliberate indifference to the plaintiff's Rights, violated his 4th Amendment Rights against unreasonable Searches and Seizures, violated his 4th and 14th Amendments Rights to privacy in avoiding the disclosure of personal matters, Constituted cruel and unusual punishment by defendants Lalli and Monwore's intentional conduct in their disclosure of plaintiffs personal matters to Kim Baez, Marshalls, Dave Felotno.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff request this court grant the following relief:

1.) Compensatory damages in the amount court consider Just, reasonable, and fair, against each Jointly and Severally.

2.) Punitive damages in the amount court consider Just, reasonable and fair, against each Jointly and severally.

3.) Award Plaintiff cost of this action and reasonable Attorney fees Pursuant to 42 U.S.C § 1983 and 1988.

4.) Such other relief that the court deems to be equitable.

DEMAND For Jury TRIAL

This complaint contains a Jury demand Pursuant to Rule 38 (b) of the Federal Rules of civil procedures and the plaintiff's Rights Secured under the Seventeenth Amendment to the United States Constitution. Plaintiff respectfully demand a trial by Jury on all triable issues herein.

11-19-2003
DATED

PLAINTIFF

Sidney Wylie
SIDNEY WYLIE
NORTHERN Correction Inst.
P. O. Box 665
SOMERS, CONN. 06071

# CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel on records on this 14th day of November 2003

11-14th 2003
DATED

Sidney Wylie
SIDNEY WYLIE
NORTHERN Correction Inst.
P.O. Box 665
SOMERS, Conn 06071

New Haven Corporation Counsel
Attorney Jonathan Beamon
165 Church Street
New Haven, Conn. 06510

STATE OF CONNECTICUT
OFFICE OF ATTORNEY GENERAL
Assistant Attorney General
ROBERT FISKE III
110 Sherman Street
Hartford, Conn. 06106

Halloran & Sage LLC.
Attorney BRIAN P. LEAMING
One Goodwin Square
225 Asylum Street
Hartford, Conn. 06103