

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIDNEY WYLIE<br>Plaintiff<br><br>VS.<br><br>CITY OF NEW HAVEN,<br>MAYOR JOHN DESTEFANO,<br>CHIEF MELVIN WEARING,<br>OFFICER LALLI, OFFICER<br>JODI NOVELLA, OFFICER<br>J. PALMER, OFFICER<br>STEVE MONWORE, OFFICER<br>D.W. COPOLLA, OFFICER<br>DAVE FALCIGNO,<br>HAMDEN TOWN HALL,<br>CHIEF ROBERT NOLAN,<br>SHEPARD SHERWOOD,<br>AND MAYOR CARL AMENTO,<br>Defendants | : | CIVIL ACTION NO.<br>3:02CV313 (PCD)<br><br><br><br><br><br><br><br><br><br><br><br><br><br>JANUARY 22, 2004 |

**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Local Rule 7(d), the undersigned defendants, Dave Falcigno, Robert Nolan, Town of Hamden and Carl Amento, respectfully reply to the plaintiff's Opposition to the defendants' Motion to Dismiss.

I. **RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE, P. 6.**

The plaintiff is alleging that the defendants had full knowledge of the plaintiff's anticipation to file the subject Amended Complaint (doc. #80) based on his leave to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amend the Complaint (doc. #36) granted on February 27, 2003, along with defendants' Motion to Dismiss. (doc. #57) It appears that the plaintiff is confused regarding the order in which he has amended his Complaints even though the defendants' Motion clearly identifies his actions. On April 9, 2003, the plaintiff filed an Amended Complaint dated March 28, 2003, which did not identify the Hamden defendants in the case caption and contained no factual allegations regarding said defendants. As plead, this Amended Complaint made no reference to and abandoned all claims against the Hamden defendants. On November 21, 2003, the plaintiff filed the subject Amended Complaint (doc. #80) in an attempt to resurrect the claims previously abandoned against the Hamden defendants. The plaintiff is incorrect when he states that the "Court had allowed him to Amend to correct pleadings in [the] complaint"." *Pl. Mem. Of Law* p. 6. It is obvious that the plaintiff, a pro-se and well-known litigant in this Court, failed to comply with Rule 15(a) when he moved to amend without asking for leave from the Court and as such the Amended Complaint should be nullified.

## II. OFFICER FALCIGNO'S INVOLVEMENT IN THE SUBJECT INCIDENT, PP. 11-13

The plaintiff admits that he did abandon the claim against the Hamden defendants when the Court ruled that the defendant Falcigno was not acting under color of law . *Pl. Mem. Of Law* p. 11. However, he has chosen to resurrect these claims against the Hamden defendants under the theory that has located legal standing that defendant Falcigno was operating under color of law. *Pl. Mem. Of Law* p. 12.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amended Complaint ¶¶ 46-48. The plaintiff has opined that "a public employee acts under the color of law - state law, while acting in his official capacity or while exercising his responsibility pursuant to state law ... ." *Id.* Specifically, he argues that defendant Falcigno set in motion a series of events which he knew violated the plaintiff's rights, to include showing his "police badge" and giving information relating to his occupation as a police officer. *Pl. Mem. Of Law* p. 11-12, Amended Complaint ¶¶ 46-48. The plaintiff has argued that even though the defendant Falcigno was off duty, a private person who conspires or act jointly with state official may act under color of state law. *Pl. Mem. Of Law* P.11. The defendants strongly refutes this position and contend that there is no legal basis to support that an off-duty police officer employed by a different municipality who merely witnesses an alleged unlawful arrest can be said to have acted under color of the law to support a § 1983 claim.

Notwithstanding his arguments to the contrary, the allegations in the plaintiff's Amended Complaint fail to establish that Officer Falcigno acted under color of law or had any personal involvement in the subject incident. "[P]ersonal involvement of the defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Zavatsky v. Anderson*, 130 F. Supp. 2d 349, 358 (D. Conn. 2001), *quoting Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991). Personal involvement can be that the defendant directly participated in the infraction or that as a supervisory official (1) he/she, after learning of the violation to a report or

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

appeal, failed to remedy the wrong; (2) he/she created a policy or custom under which unconstitutional practices occurred, or allowed a policy or custom to continue; or (3) he/she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Moffitt*, 950 F.2d at 886.

In the present case, there is no allegation that Officer Falcigno had any direct participation in the plaintiff's apprehension or arrest or had supervisory responsibility over the New Haven police officers. In fact, the allegations are to the contrary -- Officer Falcigno is an off-duty Hamden police officer who witnessed an arrest by New Haven police officers. The plaintiff's reliance on *Rivera v. La Porte*, 896 F.2d 691 (2d Cir.1990), does nothing to advance his argument that Officer Falcigno bears some constitutional responsibility for the incident. In fact, the Second Circuit in *Rivera* merely confirms that personal involvement in the alleged unconstitutional activity may only be accomplished by the official's direct participation. In *Rivera*, the defendant was a New York City Correctional Officer who had a personal conflict with a motorist while off duty in which he used excessive force and arrested the motorist. *Rivera* at 692. The Court in finding that the Correctional Officer was acting under color of law determined that he identified himself as a police officer, arrested the subject using handcuffs, placed the subject in a police car and accompanied him through booking. *Id.* at 696. Since there was no direct participation by Officer Falcigno in the plaintiff's detention and arrest, the plaintiff cannot attribute constitutional liability to Officer Falcigno.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff's allegations of civil conspiracy do not cure the legal deficiency regarding Officer Falcigno's lack of personal involvement in the subject incident. The Second Circuit has uniformly held that complaints "containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights will be dismissed." *Osterer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977); *Barr v. Abrams*, 810 F.2d 258, 363 (2d Cir. 1987). "Allegations of a conspiracy can be neither vague nor conclusory, but must allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy." *Elmasri v. England*, 111 F. Supp. 2d 212, 218 (E.D.N.Y. 2000). The plaintiff's conspiracy claims are similarly predicated on Officer Falcigno's representation that he was a Hamden police officer who happened to be present at the scene. The conclusory and generic nature of the conspiracy claim warrants its dismissal.

This Court, having already reviewed the merits of this case, ruled that an off duty police officer employed by a different municipality who merely witnesses an unlawful arrest cannot be said to have acted under the color of state law as required for a claim under 42 U.S.C § 1983. *See Latuszkin v. City of Chicago*, 250 F.3d 502, 505-06 (7th Cir. 2001); *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) *Ruling* (doc #57) This Court held "as there is no allegation that Officer Falcigno was present at the scene as more than a private citizen and that the § 1983 claim against him and against the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

remaining Hamden defendants for failure to train or supervise him fails." *Ruling* (doc #57) at Page 4. The plaintiff has failed to identify any factual allegations that would support the contrary in his Amended Complaint and as such, he has failed to state a viable claim.

**III. <u>EVEN IF THE PLAINTIFF HAD STATED A COGNIZABLE CONSTITUTIONAL VIOLATION WHICH OBLIGATED OFFICER FALCIGNO TO INTERVENE, SUCH RIGHT WAS NOT CLEARLY ESTABLISHED AT THE TIME OF THIS INCIDENT OR, ALTERNATIVELY, IT WAS OBJECTIVELY REASONABLE FOR OFFICER FALCIGNO TO BELIEVE HIS ACTIONS WERE REASONABLE.</u>**

The Second Circuit has recognized that qualified immunity is a "judicially-created" doctrine designed to allow "police some breathing space in the performance of their duties." *Magnotti v. Kuntz*, 918 F.2d 364, 365 (2d Cir. 1990). Public officials are shielded from personal liability "insofar as their conduct does not violate clearly established statutory or civil rights of which a reasonable person would have known" *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); "or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034 (1987). The governmental immunity doctrine affords an official immunity from suit, rather than a defense to liability, a defense which would be "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). When a defendant seeks qualified immunity, "a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 2155 (2001).

Our Supreme Court has recently clarified the defense of qualified immunity:

> [a] court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry . . . In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly established. This the process for the law's elaboration from case to case, and it is one reason for our insisting upon turning to the existence or nonexistence of a constitutional right as the first inquiry . . . If no constitutional right would have violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties submissions, the next, sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the specific context of the case, not as a broad general proposition; and it too serves to advance understanding of the law and to allow officers to avoid the burden of trial if qualified immunity is applicable. (internal citations omitted.)

121 S.Ct. at 2156. Thus, in the initial inquiry of deciding whether a right was clearly established, the court:

> must determine (i) whether the right at issue was defined with reasonable clarity; (ii) whether the Supreme Court or the Second Circuit had affirmed the existence of the right; and (iii) whether reasonable police officers in the defendants' position would have understood from the existing law that their conduct was unlawful.

*Cerrone v. Brown*, 246 F.3d 194, 199 (2d cir. 2001), *quoting Townes v. City of New York*, 176 F.3d 138, 144 (2d Cir. 1999). "If the law did not put the officer on notice that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier*, at 2156-2157.

The plaintiff has alleged, albeit in somewhat of a generic fashion, that Officer Falcigno had a constitutional obligation to intervene when he saw the New Haven officers handcuff him to a railing while it was raining.[1] The plaintiff further argues that Officer Falcigno, as a Hamden police officer, had some constitutional obligation to intervene to protect him. Based upon the circumstances alleged in the Amended Complaint, however, it cannot be asserted that in May 2001 an off-duty police officer who is outside his jurisdiction had a duty and obligation to intervene and stop constitutional violations by police officers, who were acting within their jurisdictional authority. On the contrary, the Connecticut General Statutes specifically limit a police officer's lawful authority to the geographical boundaries of the municipality that hired the officer. There is no decisional law from the United States Supreme Court, or the

---

1/ It is not readily apparent the precise source of the constitutional right upon which the plaintiff bases his claims. He concedes that he has no Fourth Amendment false arrest claim, but nonetheless alleges that he has a Fourth Amendment right not to have his medical condition improperly disclosed. He also repeatedly alleges that the defendants discriminated against him in violation of the Fourteenth Amendment in the disclosure of the medical information. *Amended Complaint*, p. 2. The plaintiff also claims that the New Haven officers' decision to handcuff him to a railing while it was raining was discriminatory. *Id.*, p. 8. The basis for the alleged discrimination, however, is not identified by the plaintiff. The lack of clarity in the plaintiff's constitutional claims justifies a dismissal since without a specific constitutional source the plaintiff cannot demonstrate a clearly establish right of which he was deprived.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Second Circuit, which affirms the existence of a constitutional obligation of a police officer to intervene in an incident outside the officer's jurisdiction when another police officer is violating a citizen's civil rights. Constitutional liability can attach only if it was "clear" to Officer Falcigno that "his conduct was unreasonable in the situation he confronted" or that his conduct was "clearly unlawful." *Saucier* at 2156-2157. Thus, it was not *clearly unlawful* for Officer Falcigno to stand by while the plaintiff was being detained by the New Haven officers.

## IV. <u>IN THE ABSENCE OF ANY CONSTITUTIONAL VIOLATION BY THE INDIVIDUAL OFFICERS THERE CAN BE NO MUNICIPAL LIABILITY</u>.

It is well-established that if the Court finds that there is no constitutional violation by the individual officers, the plaintiff cannot prevail on a § 1983 claim against the Town. In *City of Los Angeles v. Heller*, the Supreme Court held that Section 1983 does not:

> [authorize] the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If the person has suffered no constitutional injury at the hands of an individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.

475 U.S. 796, 799, 106 S.Ct. 1571 (1986)(emphasis in original); *Dodd v. Norwich*, 827 F.2d 1, 8 (2d Cir. 1987). If the Court concludes that there was no underlying constitutional violation by Officer Falcigno, then the claims against the Town of Hamden, Chief Nolan and Mayor Amento must be dismissed. *See e.g., Roe v. Humke*,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

128 F.3d 1213, 1216 (8th Cir. 1997) (Court concluded that absent a constitutional violation by the officer, no liability can be attributed to the police chiefs); *Hinkle v. City of Clarksburg*, 81 F.3d 416, 420 (4th Cir. 1996) (When no liability was found as to the officer involved in a shooting, it was unnecessary to decide claims against the city and supervisor); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.), *cert. denied*, 117 S.Ct. 179 (1996) (If no constitutional violation by officer for unlawful arrest, no liability for City's failure to train).

## V. CONCLUSION

Wherefore, for the foregoing reasons, the defendants respectfully request this Court grant their Motion and dismiss all claims directed to them in the plaintiff's Amended Complaint.

THE DEFENDANTS:
HAMDEN TOWN HALL,
DAVE FALCIGNO,
ROBERT NOLAN, AND
CARL AMENTO

By ______________________

Eric P. Daigle
Fed. Bar #ct23486
HALLORAN & SAGE LLP
One Goodwin Square
Hartford, CT 06103
Tele: (860) 522-6103

**CERTIFICATION**

This is to certify that on this 22nd day of January, 2004, the foregoing Reply Brief was mailed, postage prepaid, to:

Mr. Sidney Wylie
119 Monroe Street
New Haven, CT 06513

Thomas Ude, Esquire
Office of Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Robert Fisk, III, Esquire
Attorney General Public Safety
110 Sherman Street
Hartford, CT 06106

Eric P. Daigle

506632.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**CERTIFICATION**

This is to certify that on this 22nd day of January, 2004, the foregoing Reply Brief was mailed, postage prepaid, to:

Mr. Sidney Wylie
Inmate #7060
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Thomas Ude, Esquire
Office of Corporation Counsel
City of New Haven
165 Church Street
New Haven, CT 06510

Robert Fisk, III, Esquire
Attorney General Public Safety
110 Sherman Street
Hartford, CT 06106

Eric P. Daigle

506632.1(HS-FP)

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105