3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SIDNEY WYLIE, PLAINTIFF | CIVIL NO. 3: 02 CV 313 (PCD)

VS

CITY OF NEW HAVEN

MAYOR JOHN DESTEFANO JR.

CHIEF MELVIN WEARING

SERGEANT CASANOVA

OFFICER JOHN LALLI

OFFICER JODI NOVELLA

OFFICER J. PALMER

OFFICER STEVE MONWORG

OFFICER D.W. COPOLLA

HAMDEN TOWN HALL

MAYOR CARL AMENTO

CHIEF ROBERT NOLAN

OFFICER DAVE FALCIGNO

ET AL.   DEFENDANTS | DECEMBER 30, 2003

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF OPPOSITION MOTION TO DEFENDANT'S
MOTION TO DISMISS

The plaintiff in the aboved caption action pursuant to Fed.
Rules of Civil Procedure respectfully submitts his Memorandum of

4

Law in support of his Opposition Motion to defendants Motion to dismiss his Amended Complaint dated NOVEMBER 19, 2003, for failure to Comply with a court order, in the Courts Supplemental Order, dated February 2002, the plaintiff states the defendants Motion to Dismiss should be denied for the reasons stated herein.

BACKGROUND OF CASE

The plaintiff brought for this action on MAY 23, 2001, Concerning an incident on the above date, against Multiple defendants for violating his rights including the undersigned defendant FALCIGNO, the defendants Move to Dismiss the Claims against the defendant the Court granted the defendants Motion to DISMISS, the Court granted the plaintiff's Motion for leave to amend Complaint, the plaintiff Amended his Complaint excluding the undersigned defendant because the Court stated defendant FALCIGNO, was not acting under the Color of Law and plaintiff had no defense to that ruling at the present time and upon further legal research plaintiff discovered a defense in which he believes can state a Claim for relief against the undersigned defendants.

The plaintiff has abided by the Courts Supplemental order and the only defendants to send Plaintiff his original copy was the undersigned defense Counsel BRIAN LEAMING, not the defendants other undersigned Counsel ERIC P. DAIGLE, Plaintiff

5

Submit his original and a copy to defense Attorney JONATHAN BEAMON, Twice in the past, attorney BEAMON Sent it back to the Plaintiff and told him to Mail it to the Court - when he couldve Submitted them both, furthermore Neither Attorney BEAMON or Attorney Fiske, has Mailed their Originals to the plaintiff not once, so plaintiff did not Send Attorney BEAMON his Original, Plaintiff Admits that he failed to follow the Courts supplemental order in Submitting his Original to opposing parties - SIMPLY because of his experience with the other counsel, in which exhibits Attached a well as in court files Show that the other counsels who are More experience and professional Was aware of how to proceed in this Matter.

Court records can show plaintiff did not follow the Courts Supplemental order Moving papers certification, because he didn't Know how until he copied one of the defendants Moving papers which was wrong - then another was Corrected, plaintiff does Admit to his failure to Abide by the Courts supplemental order but states it was not intentional or willfully done.

Court records will support that the other defense Attorneys excluding BRIAN P. LEAMING, are also guilty of failing to follow the Courts supplemental order - in which i believe is truly base on a lack of Communication and not wilful Neglect in which would - MAY give the Court reasons to Impose Sanctions although the court litterally has the discreto

6

Plaintiff states his failure to comply with the courts supplemental orders was not intentional or wilfull, Plaintiff states that due to his indigency and Attorney Berman was sending the Plaintiff back his original to mail himself plaintiff discountined sending Attorney Berman, his original complaint and will comply with the courts supplemental order from hereon - if the court excuses his inadvertent mistake or excuseable neglect.

ARGUMENT

THE DEFENDANTS CLAIM THE PLAINTIFF HAS FAILED TO COMPLY WITH RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURES AND THE AMENDED COMPLAINT SHOULD BE DISMISSED

The defendants Arguement is frivolous and without merits as the defendants were aware of the courts granting of the plaintiffs request for leave to amend in the courts rulings on the defendants Motion to DISMISS AND Plaintiff Motion to AMEND Complaint dated February 28, 2003., the court granted the plaintiff leave to amend Complaint that led to the filing of the NOVEMBER 19, 2003, Amended Complaint and at the time of courts granting leave none of the defendants objected - Court allowed plaintiff to amend to Correct pleadings in Complaint.

7

## THE DEFENDANTS CLAIM PLAINTIFF FAILED TO COMPLY WITH COURTS SUPPLEMENTAL ORDER

The Plaintiff states his failure to comply with the courts supplemental order was not intentional or a wilful, but inadvertent mistake — excuseable neglect — as he was complying with the courts supplemental orders (3) and records will support that no other defense counsel except Brian P. Leaming, as abided by this court order, including the undersigned other counsel Eric P. Daigle, plaintiff did submit his original to Attorney Beamon, pursuant to the courts supplemental, orders, Attorney Beamon, twiced mailed them back to him whether that discretionary or etc. due to the plaintiffs indigency and that no other defense counsel was submitting their original and a copy pursuant to the courts supplemental orders except defense counsel Brian P. Leaming, records will support these facts "civil docket for case — summary"

Also pursuant to supplemental order there is a total lack of communication between plaintiff and defense counsel plaintiff has called all three defense counsel at one time or more than once to discuss the case — no one ever calls the plaintiff back, as to the courts supplemental order agreement — there was no arguements as to the way each counsel was submitting its papers — motions, there was no opposes from plaintiff or other counsels so plaintiff assum

8.

there was no disagreements —Complaints, Is it fair
that opposing counsel Brian p. Leaming, claims that the
Plaintiff has failed to comply with the courts supplemental
order when he made no arguements of the other counsels In
adequate, In which whom are professional and more experen
the plaintiff Submitted a Certificate of moving papers but
it was rejected by the court twice until plaintiff figure
out what was wrong by copying the defendants certification

The Plaintiff Sincerely believes that the failure to comply wit
the courts order is based on a lack of communication as
Prior to this there were no complaints at the way things
Motions were being Submitted among each party.

The court must truly believe this was not Intentional or wilf
on the part of the plaintiff —the only absent—violation wa
Failing to submitt an original to the defendants in which w
total based on the actions of defense Attorney Beamon, who
returned the plaintiff's original complaint to him when he
was indigent and the D.O.C. only allowed (5) Legal
envelopes per month and that was a Major factor in the
Plaintiff not Submitting his original complaint to the defens
Attorneys — the plaintiff states this was an excuseable
Neglect or inadvertent Mistake in which none of the
defense counsel or court opposed.

9

## THE PLAINTIFFS FAILURE TO COMPLY WITH THE COURTS ORDER JUSTIFIES A DISMISSAL UNDER RULE 41 (b) OF THE FEDERAL RULES OF CIVIL PROCEDURES

While this Court does have the power to dismiss a Complaint the Plaintiff does not have a law Book to look up Rule (41) (b) of this Rule – the plaintiff states Surely the Supreme Court Made this decision to include the plaintiffs or Parties who abuse or wilfully fail to abide – comply with Court orders, Under this Circumstance herein the plaintiff was not the only party failing to abide by the Courts Supplemental orders as records will show that the only Counsel – Pro-se Counsel to abide by the Courts supplemental Orders was defense Counsel Leaming and the pro-se Plaintiff

The Court must take in consideration there was a total lac of Communication from the pro-se plaintiff and all three (4) defense Counsel including the undersigned Counsel, Eric P. Diagel, the Court must also Consider the facts that the plaintiffs actions were not intentional or wilfull and that it was the way things were done as there was no arguments from any Opposing Parties or Court, or among defense Attorn even though it May be Considered Snitching – as Court office Shouldn't each defense Attorney be required to Mention that the other Counsel is not abiding by the Rules as he or she Should – is it proper to Just point the fingers at the pro-se

10

plaintiff - when no other counsel is raising the issue that either they or another defense counsel has also Violated, this appeared to be a Mutal agreement -- Satisfaction, as the pro-se plaintiff i did abide by the Courts Supplemental order and no other defense counsel other than BRIAN P. LEAMING, was sending the plaintiff there Original - defense Attorney Beamon actions was why plaintiff discontinued sending BEAMON his Original.

The court Must Consider that this was not a Reckless disregard for the courts order - And records Can show the Insufficiency In the defendant Attorney BRIAN P. Leaming, Statement, allegations Page (7) of Memorandum of the undersigned defense counsel himself " the plaintiff is not unfamiliar with the rules and order - given his Intensive litigation experience (1) the plaintiff tried to file a Motion to strike - it was rejected for failure to follow the Courts Supplemental orders - the defendant have 2-3 Papers on file the court doesn't have because of the plaintiffs Unexperience on the Moving of Papers Certification.

In all litigations Plaintiff has never had to file Moving Papers except this case - the defense Attorney Leaming did not Mention that the other defense Attorneys who've got Much More experience and have Paralegals and the funds to abide by the Courts supplemental orders - the defendants request that the Court should dismiss the Complaint on these grounds should

11

be denied, as the plaintiff states this was an excuseable neglect - Inadvertant Mistake, which was the result of a lack of communication between all parties - Counsel - pro-se plainti

PUBLIC INTEREST IN EXPEDITIOUS RESOLUTION OF Litigation

The plaintiff abanded his claims against the HAMDEN DEFENDANTS as the Court Ruled that defendant Falcyno, was not acting under the color of Law, as there is no allegation that Officer Falcyno was present at the scene as more than a private citizen, the plaintiff found that (G)enerally, a public employee acts under the color of Law - of state law while acting in his official capacity or while exerosing his responsibilities pursuant to state Law, This is true even if the employee is abusing or exceeding her authority or violating the law "Law enforcement officers using their official powers generally act under color of Law - state Law, even if they are off duty or acting out of personal Motivation see Rivera v. LA porte, 896 F.2d 691, 696 (2d Cir. 1990). " Officer showed police ID. while working as a BANK guard, TRAVER v. Meshriy, 627 F.2d 934, 938 (9th Cir. 1980), see also LAYNE v. SAMPley, 627 F.2d 12, 13 (6th Cir. 1980). plaintiff did state in his amendment complaint, 202, (April) that defendant Falcyno did show his badge to defendant Calli, defendant falcyn was supposely off duty, however a private person who consipres or act Jointly with state official MAY act under color of state la

12

Dennis v. Sparks, 449 U.S. 24, 27, 28, 101 S.ct. 183 (1980).
The color of law "with the pretense of Law", the Plaintiff in
his Amended Complaint stated that defendant Falcigno did set
in Motion a series of events that he knew or reasonably should
have known would cause a violation - Constitutional violation even
if the others actually Performed the violation, the police incident
report support that plaintiff allegations that defendant Falcigno
did identify himself as a Police officer, and did give his police badge
Number, and Police Dept. telephone No# while supposedly off duty and
as a Private citizen - if the Court Concludes plaintiff has
no grounds herein then the Plaintiff will voluntarily exclude
the Hamden defendants

## THE COURT NEED TO MANAGE ITS DOCKET

This arguement by the defendants is Frivolous and without
Merits as the plaintiff was granted leave to Amend
to correct his pleadings - the Plaintiff does not have access
to a law library - resource center, Law Books, and is currently
seeking assistance, these are serious Matters, the plaintiff
did not intent to add the Undersign defendants until he
found the case laws of Color of Law, indirect participator
as defendant Falcigno, did in fact set in Motion a series
of events to give indiation of his official duties or acting
under color of state law and that he was a Police officer
as he did come to the aid of defendant Lalli, when the Plaintiff

13

threw the Beer Bottle on the grass but landed on the ground.

The Hamden Police Defendants Are not being Prejudice Since the defendant were removed theres been no further action with the exception of the Amended Complaints dated May 15 2003, In which the Plaintiff has Submitted to the defendants of Hamden police.

The Amended Complaint does not restate claims that were Previously Dismissed by the court as the defendants cannot Show any claims of Indirect Participation and that the Plaintiff claimed defendant Falcigno, did set in Motion a Series of events - the defense Attorney simply refuses to acknowledge and Admit his client was in fact acting a a police officer while off duty on May 23, 2001, Furthermore the defendants have not Submitted any proof that defendant Falcigno, was in fact off on Medical leave on that date

The plaintiff did adopt the color of Law and Stated Case laws in which he believes May State a claim against defendant Falcigno.

CONCLUSION

WHEREFORE, The plaintiff requests that this court deny the defendants Motion to Dismiss the Plaintiffs Amended complaint for the foregoing reasons.

14

herein.

Respectfully Submitted

*Sidney Wylie*

SIDNEY WYLIE

P.O. Box 665

SOMERS, CONN. 06071

12-30-2003

DATED

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to all counsel on records on this 30th day of December 2003

12-30-2003

DATED

*Sidney Wylie*

SIDNEY WYLIE

P.O. Box 665

SOMERS, CONN. 06071

HALLORAN & SAGE LLP

BRIAN P. LEAMING

One Goodwin Square

225 Asylum Street

Hartford, Conn. 06103

Office of Attorney General

Assistant Attorney General

Robert Fiske III

110 Sherman Street

Hartford, Conn. 06106

New Haven Corporation Counsel

Jonathan Beamon

165 Church Street

New Haven, Conn. 06510

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SIDNEY WYLIE                          :
    **Plaintiff**                        :
                              :
    **V.**                               :    **CIVIL NO. 3:02CV313 (PCD)**
                              :
**CITY OF NEW HAVEN, MAYOR JOHN**     :
**DESTEFANO, CHIEF MELVIN WEARING,**  :
**SERGEANT CASANOVA, OFFICER LALLI,** :
**OFFICER JODI NOVELLA, OFFICER J.**  :
**PALMER, OFFICER STEVE MON WORE**    :
**OFFICER D.W. COPPOLA, OFFICER DAVE**:
**FALCIGNO, HAMDEN TOWN HALL, CHIEF** :
**ROBERT NOLAN, SHEPARD SHERWOOD**    :
**AND MAYOR CARL AMENTO**             :
    **Defendants**                       :    **MAY 1, 2003**

## CERTIFICATION OF MOVING PAPERS

Pursuant to the Court's Supplemental Order, the Defendants City of New Haven, Mayor John DeStefano, Chief Melvin Wearing, Sergeant Casanova and New Haven Police Officers Lalli, Jodi Novella, J. Palmer, Steve Monwore, and D.W. Coppola hereby certify that on this date, they have mailed to all parties their motion to dismiss and memorandum of law in support, both dated May 1, 2003.

THE DEFENDANTS
CITY OF NEW HAVEN, MAYOR JOHN
DESTEFANO, CHIEF MELVIN WEARING,
SERGEANT CASANOVA AND NEW HAVEN
POLICE OFFICERS LALLI, JODI NOVELLA, J.
PALMER, STEVE MONWORE, AND D.W.
COPPOLA


BY: _____
Jonathan H. Beamon
Assistant Corporation Counsel
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
(203) 946-7958
Federal Bar No. ct22937

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SIDNEY WYLIE | : | |
|     Plaintiff | : | |
| | : | |
| V. | : | CIVIL NO. 3:02CV313 (PCD) |
| | : | |
| CITY OF NEW HAVEN, MAYOR JOHN | : | |
| DESTEFANO, CHIEF MELVIN WEARING, | : | |
| OFFICER LALLI, OFFICER JODI NOVELLA, | : | |
| OFFICER J. PALMER, OFFICER STEVE | : | |
| MONWORE, OFFICER D.W. COPPOLA, | : | |
| OFFICER DAVE FALCIGNO, HAMDEN | : | |
| TOWN HALL, CHIEF ROBERT NOLAN, | : | |
| SHEPARD SHERWOOD AND MAYOR | : | |
| CARL AMENTO | : | |
|     Defendants | : | APRIL 25, 2002 |

## CERTIFICATION OF MOVING PAPERS

Pursuant to the Court's Supplemental Order, the Defendants City of New Haven, Mayor

John DeStefano, Chief Melvin Wearing and New Haven Police Officers Lalli, Jodi Novella, J.

Palmer, Steve Monwore, and D.W. Coppola hereby certify that on April 15, 2002, they have

mailed all parties their motion to dismiss and memorandum of law in support dated April 15,

2002.

THE DEFENDANTS
CITY OF NEW HAVEN, MAYOR JOHN
DESTEFANO, CHIEF MELVIN WEARING
AND NEW HAVEN POLICE OFFICERS LALLI,
JODI NOVELLA, J. PALMER, STEVE
MONWORE, AND D.W. COPPOLA

BY: _____
Jonathan H. Beamon
Assistant Corporation Counsel
Office of the Corporation Counsel
165 Church Street, 4th Floor
New Haven, CT  06510
(203) 946-7958
Federal Bar No. ct22937

2

**C E R T I F I C A T I O N**

I hereby certify that on a copy of the foregoing certification of moving papers has been

mailed, postage prepaid, on April ___25th___, 2002 to the following:

Sidney Wylie, #70606, pro se
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

Brian P. Leaming, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

Robert Fisk, III, Esq.
Attorney General Public Safety
110 Sherman Street
Hartford, CT  06106

_____
Jonathan H. Beamon

3

## C E R T I F I C A T I O N

I hereby certify that on a copy of the foregoing certification of moving papers has been

mailed, postage prepaid, on May ___/___, 2003 to the following:

Sidney Wylie, #70606, pro se
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

Robert B. Fiske, III, Esq.
Assistant Attorney General
Office of the Attorney General
110 Sherman Street
Hartford, CT  06106

Sidney Wylie, #70606, pro se
245 Whalley Avenue
New Haven, CT 06510

Brian P. Leaming, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

_____
Jonathan H. Bearnon

3

**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

<u>Administrative Director</u>
Sydney T. Schulman, Esq.

**INMATES' LEGAL ASSISTANCE PROGRAM**

<u>Managing Attorney</u>
Jane Starkowski

<u>Staff Attorneys</u>
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Jenna M. Edmundson

December 3, 2003



Northern CI
P.O. Box 665
Somers, CT 06071

Dear Mr. ▓▓▓▓:

Thank you for your letter dated October 9, 2003, which was received at Inmates' Legal Assistance Program ("ILAP") on October 15, 2003.

Pursuant to the recently revised contract between ILAP and the State of Connecticut, this office is limited to providing advice as to process and procedure, as well as on the preparation of documents, in cases involving conditions of confinement only. Thus, effective September 1, 2003, ILAP will no longer provide assistance or advice on any civil matter not related to the conditions of confinement. Where ILAP has assisted an inmate with a non-conditions of confinement case prior to September 1, 2003, we will continue to do so until the matter is concluded.

As stated in <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28 (2ᵈ Cir. 1999)(internal citations omitted):

> "Conditions of confinement" is not a term of art; it has a plain meaning. It quite simply encompasses all conditions under which a prisoner is confined for his term of imprisonment. These include terms of disciplinary or administrative segregation such as keeplock or solitary confinement, as well as more general conditions affecting a prisoner's quality of life such as: the revocation of telephone or mail privileges or the right to purchase items otherwise available to prisoners; and the deprivation of exercise, medical care, adequate food and shelter, and other conditions that, if improperly imposed, could violate the Constitution.

Please note that the new terms of our contract also preclude ILAP from providing case law and other materials to inmates when an ILAP attorney has not determined that a *prima facie* case exists. As before, ILAP can only provide advice and assistance when a *prima facie* case can be made against the defendant or defendants. Black's Law Dictionary defines a *prima facie* case as follows:

**78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT  06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119**
**TOLL FREE NUMBER 1-800-301-ILAP**



-Page 2 of 2-
December 3, 2003

A *prima facie* case consists of sufficient evidence in the type of case to get plaintiff past a motion for a directed verdict in a jury case or a motion to dismiss in a nonjury case; it is evidence necessary to require the defendant to proceed with his case.

In other words, you need to present evidence that is sufficient to require the defendant to proceed with the case. If the facts of your claim do not support a *prima facie* case, this office is both ethically and contractually precluded from assisting you in the matter.

At this time, we would ask that you forward ILAP copies of all documents which you have filed with the court, any documents you have received from the court in relation to your complaint, and any documentation you have of any incident(s) which substantiates your claims. Until the above-requested materials have been received and any potential claims evaluated, ILAP is unable to comply with your request for legal materials.

As a courtesy, copies of the legal forms you requested have been enclosed.

Should you require future assistance with a civil legal matter dealing with terms and conditions of confinement, please do not hesitate to contact ILAP at the above-referenced address.

Sincerely,

Heidi VanWormer, Law Clerk

Richard P. Cahill, Staff Attorney

## CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

HOUSING UNIT: ( I ) II III    EAST or (WEST)    Cell # 108
(Circle One)

Date: 12-21-2003

Inmate Name: _Audrey Wylie_    Number: 20606

Request: C/S. Bradway — As Unit manager of 1 West — you must
Make some Accommodations to provide me with Access
to the Courts — I would like to do so legal researching In
1 East in which there are law Books available, N.C.I officials
must provide me with access to law Books or someone trained
(Continue on back if necessary)

Submitted to: C/S. BRADWAY    Date Received: 12/22/05

Acted on by: CS Bradway

Action taken and/or response: Mr. Wylie,
Deputy Commissioner Murphy addressed this
issue the other Day. We do not have resources
for you to Borrow. That is why we use ILAP. Mr. Murphy
was very clear on this issue. So As Mr. Murphy
is the Deputy Commissioner and has addressed this issue
with you there is nothing I can do for you

Date of Response to Inmate: _____

Signature of Staff Member: _____

NCI 050 (Revised 03-19-01)    CS Bradway