UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SIDNEY WYLIE, : | |
|     Plaintiff : | |
| : | Civ. No.3:02cv313(PCD) |
| v. : | |
| : | |
| CITY OF NEW HAVEN, MAYOR JOHN : | |
| DESTEFANO, CHIEF MELVIN WEARING, : | |
| SERGEANT CASANOVA, OFFICER LALLI, : | |
| OFFICER JODI NOVELLA, : | |
| OFFICER J. PALMER, OFFICER STEVE : | |
| MONWORE, OFFICER D.W. COPPOLA, : | |
| OFFICER DAVE FALCIGNO, HAMDEN : | |
| TOWN HALL, CHIEF ROBERT NOLAN, : | |
| SHEPARD SHERWOOD, AND MAYOR : | |
| CARL AMENTO : | |
|     Defendants. : | |

**RULINGS ON DEFENDANTS' MOTIONS TO DISMISS**

Defendants from the Town of Hamden[1] ("Hamden defendants") and the City of New Haven[2] ("New Haven defendants") move separately to dismiss the Complaint.[3] For the reasons set forth within, the Hamden defendant's Motion to Dismiss is **granted** and the New Haven defendant's Motion to Dismiss is **granted** in part and **denied** in part.

---

[1] Hamden defendants include Officer Dave Falcigno, Hamden Town Hall, Chief Robert Nolan, and Mayor Carl Amento.

[2] New Haven defendants include City of New Haven, Mayor John DeStefano, Chief Melvin Wearing, Sergeant Casanova, and New Haven Police Officers Lalli, Jodi Novella, J. Palmer, Steve Monwore, and D.W. Coppola.

[3] It should be noted that each set of defendants have moved to dismiss different versions of Plaintiff's Complaint. New Haven defendant's Motion to Dismiss was filed on June 17, 2003 and is based upon the Plaintiff's Amended Complaint dated April 9, 2003. Conversely, Hamden defendants filed their Motion to Dismiss on December 22, 2003, in response to Plaintiff's most recent Amended Complaint. Although New Haven defendant's Motion to Dismiss was filed before Plaintiff submitted his most recent Amended Complaint on November 19, 2003, the Court will only consider facts as alleged in this most recent Complaint. *See Koppel v. 4987 Corp.*, 167 F.3d 125, 128 (2d Cir. 1999).

1

I.  **BACKGROUND**

The following is pieced together from the allegations in Plaintiff's most recent Amended Complaint.[4]  On May 23, 2001 Plaintiff was stopped and arrested by Officer Lalli while riding his bicycle in New Haven.  Officer Lalli proceeded to pat Plaintiff down and subsequently handcuffed him to a rail.  Shortly thereafter, Hamden police officer Falcigno and New Haven Police Officers Manwore, Palmer, and Novella arrived at the scene.  After it began to rain Plaintiff asked Officer Lalli to be placed in the police car but was refused for his having "diseases."  Additionally, New Haven defendants disclosed to store clerk Kim Baez and unidentified Judicial Marshals that Plaintiff had AIDS, tuberculosis, and hepatitis, even though they did not have medical evidence to substantiate these statements.[5]

II. **STANDARD OF REVIEW**

In considering a Rule 12(b) motion to dismiss, a court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Thomas v. City of N.Y.*, 143 F.3d 31, 37 (2d Cir. 1998).  Dismissal is warranted only

---

[4] Given Plaintiff's failure to follow well established court rules with respect to the filing of his latest Amended Complaint, it is questionable whether the Court should even consider it.  In failing to file a motion to amend his Complaint before actually filing his new Complaint, Plaintiff failed to comply with FED. R. CIV. P. 15(a).  Rule 15(a) requires a party to obtain either leave of a court or written consent of the adverse party before filing an amended complaint.  Plaintiff did neither.  Nevertheless, the circumstances of this case lead the Court to exercise its discretion pursuant to Rule 15(a) which permits a court to allow amendments to pleadings with liberality, especially when the party seeking to amend is pro se.  *See Villante v. Dept. of Corrections of City of New York*, 786 F.2d 516, 520 (2d Cir. 1986).

[5] From the Amended Complaint it is not clear whether Plaintiff actually suffers from the diseases he alleges New Haven defendants wrongly disclosed.  As noted in this court's previous Ruling on Motion to Dismiss [Doc. No. 57] Plaintiff may not allege both an improper disclosure of private medical information in violation of Connecticut law and a false disclosure as to a disease.  *See* Mot. to Dismiss at fn. 3.  While alternative legal theories may be plead, contradictory factual allegations may not.  If there is no medical evidence that Plaintiff suffers from a disease, Plaintiff cannot invoke the Connecticut statutes protecting privileged medical information as the absence of medical documentation precludes the claim.  If New Haven defendants disclosed information from Plaintiff's medical records, then the existence of medical documentation as to the condition prohibits a claim that the information was falsely disclosed.  Similarly, if Plaintiff does not have the diseases, he cannot sustain a claim based on the General Orders and Policies of the New Haven Police Department regarding individuals with diseases and confidentiality.  Furthermore, Plaintiff should be aware that if discovery is commenced in the present case, he will be required to establish that he does in fact suffer from a disease.  Such documentation pertaining to his medical condition may be filed under seal.  For the purposes of this motion, however, the Court will presume that Plaintiff does in fact suffer from one or more of the diseases alleged.

if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000); *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *Branhan v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996) (quoting *Grant v. Wallingford Bd. of Ed.*, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). When reviewing a motion to dismiss, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local*, 504, 992 F.2d 12, 15 (2d Cir. 1993). Additionally, the Second Circuit generally requires district courts to give substantial leeway to pro se litigants. *See Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992).

### III.    DISCUSSION

####    A.    Hamden Defendants Motion to Dismiss

With respect to Hamden defendants, Plaintiff's primary allegation is that Officer Falcigno was acting under color of law at the time Plaintiff was arrested and that in this capacity he failed to adequately protect Plaintiffs' constitutional rights by failing to intervene. Additionally, Plaintiff alleges that Officer Falcigno conspired with New Haven defendants in an attempt to deprive him of his civil and constitutional rights. Hamden defendants respond that Officer Falcigno was merely an off-duty police officer at the time of the arrest and that he had no personal involvement in the subject incident. Alternatively, Hamden defendants argue that even if Plaintiff has established that Officer Falcigno was operating under color of law at the time of Plaintiff's arrest, his actions are protected by the doctrine of qualified immunity.

Plaintiff appears to contend that Officer Falcigno had a constitutional obligation to intervene and protect him at the time of his arrest by the New Haven officers. Plaintiff argues that although Officer Falcigno was off-duty and on medical leave at the time of Plaintiff's arrest, when he arrived at the scene he displayed his badge and identified himself as a police officer to New Haven defendants he was acting in his official capacity. Assuming arguendo that Plaintiff

3

has sufficiently established that Officer Falcigno was acting officially, it is well established that even if an officer does not personally participate in an individual's arrest, he may nonetheless be liable under § 1983 for his failure to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in his presence. *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). An officer who fails to intercede is liable for the preventable harm caused by the actions of other officers where that officer observes or has reason to be aware that, (1) excessive force is being used, (2) a citizen has been unjustifiably arrested, or (3) any constitutional violation has been committed by an officer. *See Anderson*, 17 F.3d at 557; *O'Neill*, 839 F.2d at 11-12; *Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982). Liability attaches if the officer had a realistic opportunity to intervene and prevent the harm from happening. *See O'Neill*, 839 F.2d at 11-12. Thus, liability could be found with respect to Plaintiff's Fourth Amendment, Eighth Amendment, civil conspiracy, and equal protection claims.

   Applying the above analysis to Plaintiff's claims, Plaintiff cannot sustain a viable Fourth amendment claim against Hamden defendants. While the Fourth Amendment does forbid "unreasonable" searches and seizures, Plaintiff's most recent Complaint is entirely devoid of facts tending to demonstrate the unreasonableness or even the reasonableness of his arrest. Plaintiff merely states that he "was stopped on [his] bicycle" and that the seizures of his wine cooler and bicycle were "unreasonable." These facts alone are simply insufficient to constitute a cause of action under the Fourth Amendment against Hamden defendants. Likewise, Plaintiff has failed to allege a sufficient Eighth amendment claim against Officer Falcigno. Plaintiff has not provided any facts to indicate that he was subject to cruel and unusual punishment. Being forced to stand in the rain simply does not constitute cruel and unusual punishment. Similarly, Plaintiff has alleged no facts to support his contention that Officer Falcigno conspired with New Haven defendants in an attempt to violate his constitutional rights. Plaintiff argues that Officer Falcigno "did in fact conspire with [New Haven defendants]" without providing any factual

support for his allegation. Consequently, Plaintiff cannot maintain a civil conspiracy claim against Hamden defendants.

Assuming Plaintiff has alleged a valid equal protection claim in that an individual in Plaintiff's position who was not believed to have diseases would not have been forced to stand in the rain, Hamden defendants argue that even if Officer Falcigno had a constitutional obligation to intervene to protect Plaintiff's constitutional rights, he is protected by qualified immunity. The qualified immunity doctrine, asserted in response to § 1983 claims, shields public officers who have allegedly violated an individual's federal statutory or constitutional rights. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Rodriguez v. Phillips*, 66 F.3d 470, 475 (2d Cir. 1995). An individual sued under § 1983 is protected by qualified immunity unless their actions violate clearly established constitutional or statutory rights and a reasonable officer in the same position would have known that his actions violated those clearly established rights. *See Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Determination of an officer's right to qualified immunity requires a two-step inquiry. *See Koch v. Brattleboro*, 287 F.3d 162, 165-66 (2d Cir. 2002). First, there must be an identification of a constitutional right violated by defendant's conduct. *See id*. If a violation is identified, the next step requires a determination of whether the right violated was "clearly established." *See id*. Three factors are relevant when determining whether a constitutional right was clearly established, (1) whether the right at issue was defined with "reasonable specificity," (2) whether the decisional law of the United States Supreme Court and the relevant circuit court support the existence of the right at issue, and (3) whether under established law a reasonable defendant official would have understood that his or her acts were unlawful. *See Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir. 1991). An officer is protected from liability "as long as [his] actions could reasonably have been thought consistent with the rights [he is] alleged to have violated." *Poe v. Leonard*, 282 F.3d 123 (2d Cir. 2002).

Plaintiff undoubtedly has a clearly established right to equal protection of the laws. Plaintiff may also be able to demonstrate that discrimination against an individual on the basis of

5

a medical condition is a violation of the equal protection clause. The facts on this issue are unclear as Plaintiff has been evasive regarding which diseases, if any, he suffers from. Even assuming he can establish a recognized right, however, Officer Falcigno would not have been unreasonable in believing his failure to intervene was in compliance with applicable law. It is not at all clear that the other officers forcing Plaintiff to stand in the rain raises a violation sufficient to render unreasonable Officer Falcigno's belief that intervention on Plaintiff's behalf was not required. Thus, because it was objectively reasonable for Officer Falcigno to believe his conduct was lawful and in compliance with clearly established legal rules, he is entitled to qualified immunity. Accordingly, Hamden defendants Motion to Dismiss is **granted**.[6]

### B.   New Haven Defendants Motion to Dismiss

Construing Plaintiff's most recent Complaint liberally, Plaintiff alleges that New Haven defendants violated his Fourth amendment right to be free from unreasonable search and seizure, his Eighth amendment right against cruel and unusual punishment, his Fourteenth amendment right to equal protection of the laws, his right to privacy, and the New Haven Police Department's General Orders. Additionally, Plaintiff claims that New Haven defendants committed civil conspiracy in violation of Plaintiff's civil and constitutional rights. Defendants argue that Plaintiff's Complaint does not contain short and plain statements showing that he is entitled to relief and therefore fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Alternatively, Defendants maintain that the allegations in Plaintiff's Complaint are legally insufficient and consequently must be dismissed.

---

[6]Because the Court has concluded that Officer Falcigno did not violate Plaintiff's constitutional rights, Plaintiff cannot maintain his § 1983 claim against the Town of Hamden, Chief Nolan, or Mayor Amento. It is well established that if a court fails to find a constitutional violation by an individual officer, Plaintiff's allegations against the Town, Chief, and Mayor similarly must be dismissed. *See, e.g., Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (finding that a constitutional violation of the individual defendants is required to sustain a claim against the municipality); *Dodd v. Norwich*, 827 F.2d 1, 8 (2d Cir. 1987); *see also Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997) (holding that liability could not be attributed to the police chief absent a constitutional violation of the individual officer).

As an initial matter, federal pleading standards require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355, U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Consequently, allegations in a complaint need only be simple, concise, and direct. *See* FED. R. CIV. P. 8(a). Additionally, it is well established that when a plaintiff appears pro se, a court must "read his supporting papers liberally, and...interpret them to raise the strongest arguments that they suggest." *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). In doing so, a court holds plaintiff to a pleading standard that is "less stringent...than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Keeping in mind the relaxed pleading requirements to which pro se litigants are held, Plaintiff has sufficiently complied with Rule 8 and adhered to the Court's direction in its February 27, 2003 Ruling. While Plaintiff's most recent Complaint is not a model of clarity, it cannot be said that this Complaint as a whole fails to provide Defendants with fair notice of at least some of the claims against them and the grounds upon which they rest. Consequently, New Haven defendant's Motion to Dismiss the entire Complaint for failure to conform with Rule 8 is denied and each of Plaintiff's allegations will be discussed in turn.

Turning to the specific allegations in Plaintiff's most recent Complaint, Plaintiff has failed to establish a viable Fourth amendment claim. The Amended Complaint merely concludes that the seizures of his wine cooler and of his bicycle were unreasonable. As previously discussed in addressing the Fourth amendment allegation against Hamden defendants, Plaintiff's vague and conclusory allegations give New Haven defendants no idea of the unconstitutional conduct they are alleged to have engaged in. Plaintiff has also failed to allege a sufficient Eighth amendment claim against New Haven defendants. As stated earlier, Plaintiff has not provided any facts to support his contention that the New Haven defendants subjected him to cruel and unusual punishment. Finally, with respect to Plaintiff's civil conspiracy allegation, it is well established that "a complaint containing only conclusory vague, or general

allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Ericson v. City of Meriden*, 113 F.Supp.2d 276, 291 (D. Conn. 2001).  Plaintiff simply concludes that New Haven defendants conspired to discriminate against him.  He has alleged no specific facts that could support a claim of a conspiracy by New Haven defendants to violate his civil rights.  Accordingly, Plaintiff's Fourth amendment, Eighth amendment, and civil conspiracy claims are **dismissed**.

As to Plaintiff's allegation that New Haven defendants violated New Haven Police Department General Orders in disclosing Plaintiff's medical information, the parties point to, and the Court is not aware of, any law providing an individual with a private right of action against New Haven defendants for failing to adhere to its own internal orders, policies, and procedures.  Consequently, Plaintiff's allegation that Defendants violated New Haven Police Department General Orders is **dismissed**.

Finally, while not artfully plead, Plaintiff's remaining allegations as to the disclosure of private medical information and the discrimination by the New Haven defendants in violation of the equal protection clause of the Fourteenth Amendment are sufficient to survive New Haven defendant's Motion to Dismiss.  Plaintiff alleges that New Haven defendants violated his right to privacy by disclosing his confidential medical information to Officer Falcigno, store clerk Kim Baez, and unidentified Judicial Marshals.  Additionally, Plaintiff claims that he was denied equal protection of the laws because the New Haven defendants believed he suffered from AIDS, hepatitis, and tuberculosis.  Plaintiff maintains that an individual in his position not presumed to have the aforementioned diseases would have been treated differently under similar circumstances.  Taking Plaintiff's facts as true, and drawing all inferences in favor Plaintiff, Plaintiff's allegations are sufficient to establish that Plaintiff may prove a set of facts in support of his claim which would entitled him to relief.  It is noted that unlike Hamden defendants, New Haven defendants did not argue qualified immunity.  As the application of the qualified immunity doctrine is fact specific to each individual defendant's case, New Haven defendants

are not afforded the benefit of the defense. Thus, Plaintiffs' claims as to disclosure of his private medical information and denial of equal protection of the laws may not be dismissed.

## IV.    CONCLUSION

Hamden defendant's Motion to Dismiss [Doc. No. 87] is **granted**. New Haven defendant's Motion to Dismiss [Doc. No. 70] is **granted** in part and **denied** in part.[6]

**SO ORDERED.**

Dated at New Haven, Connecticut, March  25 , 2004.

/s/

Peter C. Dorsey

United States Senior District Judge

---

[6] Specifically, Plaintiff's Fourth amendment and Eighth amendment claims are dismissed. Plaintiff's allegation that New Haven defendants violated New Haven Police Department General Orders is similarly dismissed. Plaintiff's right to privacy and equal protection claims, however, survive.