UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Sidney WYLIE,  :<br>   Plaintiff  :<br> vs.  :<br>   :<br>CITY OF NEW HAVEN, MAYOR JOHN  :<br>DESTEFANO, CHIEF MELVIN  :<br>WEARING, SERGEANT CASANOVA,  :<br>OFFICER LALLI, OFFICER JODI  :<br>NOVELLA, OFFICER J. PALMER,  :<br>OFFICER STEVE MONWORE, OFFICER  :<br> D.W. COPPOLA, OFFICER DAVE  :<br> FALCIGNO, HAMDEN TOWN HALL,  :<br>CHIEF ROBERT NOLAN, SHEPARD  :<br> SHERWOOD, AND MAYOR CARL  :<br>AMENTO,  :<br>   Defendants.  : | Civil No. 3:02cv313 (PCD) |

**RULING ON DEFENDANT SHERWOOD'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12, Defendant Sherwood moves to dismiss Plaintiff's Amended Complaint against him. For the reasons stated herein, Sherwood's Motion is **granted** in part, **denied** in part.

**I.    BACKGROUND:**

Familiarity with the Court's prior Rulings in this case is presumed. The only facts that need be addressed are those pertaining to Plaintiff's claims against Sherwood.[1]

Sherwood was appointed as Plaintiff's public defender. During a court appearance, Sherwood questioned Plaintiff, in an interview room, concerning the medical information

---

[1] Sherwood also moves to dismiss Plaintiff's claims against the State of Connecticut. Plaintiff's most recent Amended Complaint, filed November 12, 2003, does not name the State of Connecticut as a defendant. Accordingly, Sherwood's Motion is **denied** as moot with respect to the State of Connecticut.

1

contained in a police incident report written by Defendant Officer Monwore. Plaintiff then filed a grievance against Sherwood "for not following - abiding by the Public Defenders Service Commission Guidelines." Amended Complaint ¶ 41. In response to this grievance, Sherwood sent a copy of the police incident report containing the medical information to the grievance panel. Based on this action, Plaintiff alleges a violation of his constitutional rights to privacy and confidentiality under state and federal law.

## II.     STANDARD OF REVIEW

In considering a Rule 12(b) motion to dismiss, a court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Thomas v. City of N.Y.*, 143 F.3d 31, 37 (2d Cir. 1998). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000); *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *Branhan v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996) (quoting *Grant v. Wallingford Bd. of Ed.*, 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). When reviewing a motion to dismiss, a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local*, 504, 992 F.2d 12, 15 (2d Cir. 1993). Additionally, the Second Circuit generally requires district courts to give substantial leeway to pro se litigants. *See Gomes v. Avco Corp.*, 964 F.2d 1330, 1335 (2d Cir. 1992).

**III.   DISCUSSION:**

Pursuant to 42 U.S.C. § 1983, in order to establish a constitutional violation, Plaintiff must show, first, that Sherwood "deprived him of a right secured by the Constitution and laws of the United States" and, second, that Sherwood acted under color of law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Plaintiff cannot meet either requirement.

With respect to proving a constitutional deprivation, there is of course a constitutional "interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599, 97 S. Ct. 869, 51 L. Ed. 2d 64 (1977); *see also Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) ("Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition"). However, "there is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record." *Doe v. City of New York*, 15 F.3d at 268. Police reports are matters of public record. *See Scheetz v. Morning Call, Inc.*, 946 F.2d 202, 207 (3d Cir. 1991) ("We conclude that the information contained in a police report is not protected by the confidentiality branch of the constitutional right of privacy"). While the initial disclosures by the officers at the scene may have been a deprivation, Plaintiff may not maintain a cause of action against Sherwood for "disclosing" confidential information that was already a matter of public record.[2]

---

[2]   The result would be the same under state law. *Compare* Conn. Gen. Stat. §§ 19a-581and 19a-590 (establishing liability for disclosure of information pertaining to HIV status) *with State v. Humberto N.*, 1998 Conn. Super. LEXIS 1101, at *5 (Conn. Super. Ct. April 16, 1998) (Stating that an adult criminal file is "is a public record and ... any person can make copies of its contents"). Additionally, although not argued, it is noted that pursuant to the Connecticut Rules of Professional Conduct Rule 1.6(d), an attorney may "reveal such information to establish a claim or defense on behalf of the lawyer ... to respond to allegations in any proceeding concerning the lawyer's representation of the client." Plaintiff conclusorily asserts that the subject matter of the

Assuming arguendo that Plaintiff could establish a constitutional deprivation, Plaintiff cannot demonstrate that Sherwood acted under color of state law. Public defenders are not "not amenable to administrative direction in the same sense as other employees of the State" and it is "the constitutional obligation of the State to respect the professional independence of the public defenders whom it engages. *Polk County v. Dodson*, 454 U.S. 312, 321-22, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). Accordingly, a public defender does not act under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding". *Id*. at 325.

Plaintiff alleges no facts that would suggest Sherwood was not acting within the traditional functions of a defense lawyer when he questioned Plaintiff concerning the medical information. Thus, the grievance proceeding arose out of those functions, notwithstanding Plaintiff's conclusory allegation that Sherwood failed to abide by the Public Defenders Service Commission Guidelines, and Sherwood did not act under color of state law for the purposes of § 1983. Even assuming responding to a client grievance is not part of the traditional functions of a defense lawyer, there is nothing about the quality of the conduct, as alleged, that would suggest Sherwood was any more subject to administrative direction by the State and thus not entitled to the protection public defenders normally enjoy and amenable to suit here. *See Id*. at 324-25 (Stating that a public defender can act under color of state law when acting on behalf of the state such as in hiring and firing on behalf or possibly by engaging in certain investigative functions).

Because Plaintiff can neither demonstrate that Sherwood deprived him of a constitutional

---

grievance had nothing to do with the information in the police report, Amended Complaint ¶ 43, but provides no factual basis to support this claim. Accordingly, Sherwood would likely be justified in submitting the police report as part of his defense before the grievance panel.

right or acted under color of state law and his claims against Sherwood are **dismissed**.

IV.     **CONCLUSION:**

For the reasons stated herein, Defendant Sherwood's Motion to Dismiss [Doc. No. 67] is **granted** in part, **denied** in part.  The Motion is **denied** as moot with respect to the State of Connecticut which is no longer party to this action and **granted** with respect to all claims against Sherwood.

SO ORDERED.  Dated at New Haven, Connecticut, March   31  , 2004.

                                            /s/
                                      Peter C. Dorsey, U.S. District Judge
                                             United States District Court